ASOCIACION de EMPLEADOS del IN-STITUTO de CULTURA PUERTOR-RIQUENA et al., Plaintiffs-Appellants,

v.

Luis M. RODRIGUEZ MORALES, etc., et al., Defendants-Appellees.

No. 76–1062.

United States Court of Appeals, First Circuit.

Submitted May 4, 1976.

Decided July 26, 1976.

German A. Gonzales, Caguos, P.R., Roberto Jose Maldonado, Rio Piedros, P.R., and Manuel E. Moraza Choisne on brief for plaintiffs-appellants.

Miriam Naveira De Rodon, Sol. Gen., San Juan, P.R., and Hernando A. Rivera Diaz, Asst. Sol. Gen., Santurce, P.R., on brief, for defendants-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the district court's dismissal with prejudice of plaintiffs' complaint. Citing Fed.R.Civ.P. 41(b), the court took this action on account of "plaintiffs' failure to prosecute and to comply with orders of [the] Court."

■ The only question properly before us in whether the court abused its discretion in so dismissing the complaint. *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971).[1] *See Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972). *Cf. National Hockey League v. Metropolitan Hockey Club, Inc.*, —— U.S. ——, 96 S.Ct. 2778, 49 L.Ed.2d ——. This question can best be answered by viewing the court's action in context,[2] and consequently we list in chronological order the principal events leading to the order of dismissal. (All dates listed refer to 1975.)

March 27—plaintiffs file complaint seeking relief under 42 U.S.C. § 1983 and the convening of a three-judge court.

March 31—Court enters a show cause order for May 23.

April 10—defendants move for a 40-day extension of time; granted on April 21.

May 22—defendants move to dismiss (on procedural and jurisdictional grounds).

June 10—plaintiffs move for a 10-day extension of time, to which defendants agree.

June 26—defendants move for a 60-day extension of time.

July 2—case called for a hearing on the show cause order; none of the parties appear.

September 4—defendants again move to dismiss (on procedural and jurisdictional grounds).

October 8—court orders[3] plaintiffs "to file an opposition and brief" in reply to defendants' motion to dismiss *within fifteen days.*[4]

November 4—plaintiffs move for an extension of time, stating: "Plaintiffs as-

---

1. This is our most recent opinion dealing extensively with involuntary dismissals under Rule 41(b), but we note with dismay that it is cited by neither party on this appeal.

2. "In determining whether there has been . . . an abuse [of discretion] all pertinent circumstances must be considered." *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971). *See also Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967).

3. In its Order, the Court made the following observation concerning plaintiffs' inaction:
   "In spite of the time that has elapsed plaintiffs have filed no reply or brief in opposition to defendants' motion to dismiss. Such failure can well be construed by the Court as lack of interest in the prosecution of this case."

4. This Order also required defendants to answer an interrogatory, to which they had objected, within fifteen days. It also directed plaintiffs to refile their answers to defendants' interrogatory within twenty days, the earlier answers having been unsworn and not in the English language. Defendants filed their answers on October 24. On November 7 plaintiffs refiled their answers, which were sworn, but still in Spanish rather than English.

sure the Court that they will file the reply to the Motion to Dismiss by *no later than next Thursday, November 6, 1975*" (emphasis supplied).

November 6—defendants move to dismiss for want of prosecution.

November 13—court orders dismissal "with prejudice for plaintiffs' failure to prosecute and comply with the orders of this Court with imposition of costs and payment of the sum of $500.00 as attorneys' fees."[5]

■ A court undoubtedly has the power to dismiss with prejudice under Rule 41(b). *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Richman v. General Motors Corp.*, supra at 199. *See also Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415, at 419 (1st Cir. 1976). But that power should be used only on those rare occasions when the court in its discretion determines that none of the "lesser sanctions available to it," *Richman v. General Motors Corp.*, supra at 199, would truly be appropriate.[6] "Dismissal is a harsh sanction which should be resorted to only in extreme cases." *Id.* *See also Theilmann v. Rutland Hospital, Inc.*, supra at 855. Nevertheless, we cannot say that the court abused its discretion in resorting to the sanction of dismissal, "the most severe sanction that a court may apply." *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967).

In making this determination, we give considerable weight to that part of the order of October 8 wherein the court expressed its displeasure over plaintiffs' failure to have replied to the motion to dismiss. *See* n.3 *supra.* In the light of this clear language in the order of October 8, plaintiffs cannot reasonably claim that they did not have notice of the gravity with which the court viewed their inaction.

Several other facts may be cited which distinguish this case from *Richman*, where we concluded that "the district court imposed too harsh a penalty on the plaintiff in dismissing his complaint in the circumstances of [that] case." 437 F.2d at 199. In *Richman*, we were able to say that "the district court's time had been little used," *id.*; here, on the contrary, the court was quite involved with this case from the outset.[7] In *Richman* the dismissed party had a substantial excuse for its failure to prosecute (viz. the unavailability of its witnesses for the day of the trial);[8] here appellants have presented no reasonable excuse for their lack of prosecution.[9] Above all, in this case, unlike *Richman*, plaintiffs made a solemn commitment on November 4—well

---

**5.** For the sake of completeness, we note that the court's judgment was received by the clerk's office on the afternoon of November 13; on the morning of that day the clerk's office received plaintiffs' "Motion in Response to Motion to Dismiss" and their (separate) "Motion in Opposition of Motion to Dismiss for Want of Prosecution." Each of these motions was dated November 11.

**6.** *See Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 856 & n.6 (2d Cir. 1972); *Richman v. General Motors Corp.*, supra at 199 n.4; *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 889 n.11 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). The district court need not, however, exhaust the lesser sanctions before dismissing a case under Rule 41(b). *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1053–54 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972).

**7.** The issue of the use of the court's time could properly be a factor in the decision to dismiss in this case especially since "[t]he District of Puerto Rico, like many federal districts today, suffers from a surfeit of cases and a shortage of judges." *Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415 at 418 (1st Cir. 1976). *See also Von Poppenheim v. Portland Boxing & Wrestling Commission*, supra at 1054.

**8.** Richman did not, however, establish a per se rule that this or any other particular excuse would make dismissal with prejudice an inappropriate sanction.

**9.** The only excuse which appellants proffer is that "[i]n the period of time which comprised different orders and motions of both parties in this case attorneys [for plaintiffs] were moving from their offices and had to alter and reconstruct their new offices. . . ." We note that this is the same reason that was given in support of their motion for a 10–day extension of time made on June 10—more than five months before the dismissal.

after the time limit established by the court's order of October 8—that they would "file the reply . . . by no later than . . . November 6, 1975"; and they then failed to adhere to this commitment.

■ We do not retreat from the basic rule of *Richman* which required that "the power of the court to prevent undue delays . . . be weighed against the policy of the law favoring the disposition of cases on their merits." 437 F.2d at 199 (citations omitted). We simply hold that in the instant case, where there was "a clear record of delay . . . by the plaintiff[s]," *Durham v. Florida East Coast Ry.*, 385 F.2d 366, 368 (5th Cir. 1967) (Wisdom, J.), quoted in *Richman, supra* at 199, the court did not abuse its discretion in dismissing with prejudice.

*Affirmed. Costs are awarded to appellees.*