**Richard PEASE, Plaintiff-Appellant,**

v.

**John Duane PETERS and Volkswagen of America, Inc., et al., Defendants-Appellees.**

No. 76–1398.

United States Court of Appeals, First Circuit.

March 11, 1977.

James L. Kenney, Oak Bluffs, Mass., for plaintiff-appellant.

Edward R. Wine, Boston, Mass., with whom Avery, Dooley, Post & Avery, Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, BOWNES,* District Judge.

BOWNES, District Judge.

The issue is whether the district court's dismissal with prejudice for lack of prosecution was an abuse of discretion.

We find it was not and affirm.

The case arose out of an automobile accident on Martha's Vineyard on October 8, 1972. Plaintiff's counsel, James L. Kenney, resides and practices law as a sole practitioner on Martha's Vineyard. A tort action based on diversity for an amount in excess of $10,000 was entered in the Massachusetts District Court on December 7, 1972.

The facts leading up to the dismissal are set out fully in the Appendix and are summarized as follows.

The case was routinely processed until, at the express request of Attorney Kenney, it was given a special trial assignment for the week of June 2, 1976. This trial date was postponed at the request of Attorney Kenney because his daughter was to be married that week and the case was rescheduled for trial starting June 15. Approximately two weeks prior to June 15, the deputy clerk informed counsel that the case was being moved up to June 14 for the purpose of empanelling a jury, because a new jury panel was being brought in on that date. Counsel were also told that, if the witnesses were available on June 14, trial could start that day but, if not, trial would start on June 15 as scheduled.

At some time subsequent, Attorney Kenney informed the deputy clerk that, due to transportation problems on Martha's Vineyard, he could not get to court before 3:00 P.M. on June 14. The district judge then personally checked the ferry schedule and ascertained that a boat with a space for a car was scheduled to leave for the mainland from Martha's Vineyard at 8:15 A.M. on June 14. Plaintiff's counsel was informed by the deputy clerk to be in court on June 14 at 11:00 A.M. for purposes of empanelling a jury.

Attorney Kenney did not appear on June 14, but Attorney Theodore Eisenstadt appeared for him and informed the court that Mr. Kenney was ill. Defense counsel and the defendant were present. The defendant had come from Raleigh, North Carolina, and was anxious to avoid undue delay before returning because of an impending death in his family. The court ordered that a jury be empanelled at 11:30 A.M. with Attorney Eisenstadt representing the plaintiff and set the start of the trial for June 15 at 10:00 A.M. The court also suggested that Attorney Eisenstadt be prepared to try the case if Mr. Kenney was not able to be present the next day. Attorney Eisenstadt then called Mr. Kenney on the telephone and, after talking to him, informed the court that Mr. Kenney had said that he was not going to hire anyone else to try the case, that he was sick, and that he wanted the case taken off the list. After further discussion, the court informed Attorney Eisenstadt: "Tell him that I am encouraging him to allow you to empanel the case. If he says that you do not have the authority, then the Court will dismiss the case." A telephone call was made to Mr. Kenney and

---

* Of the District of New Hampshire, sitting by designation.

he refused to give Attorney Eisenstadt authority to empanel a jury. The case was then dismissed with prejudice for lack of prosecution.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a federal trial court to dismiss with prejudice for lack of prosecution. In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), the Court noted:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law, e. g., 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, e. g., *id.,* at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
>
> > "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Cases involving dismissal with prejudice by the trial judge for lack of prosecution are numerous. They reflect four basic principles:

(1) that such action is not only expressly authorized under Rule 41(b), F.R.Civ.P., but comes within the inherent power of a trial judge;

(2) that the exercise of this power is discretionary and should be sustained on appeal in the absence of abuse;

(3) that a dismissal with prejudice is a harsh remedy and should be resorted to only in extreme cases; and

(4) that the power of the court to prevent undue delays must be weighed against the policy of the law favoring the disposition of cases on their merits. *See Richman v. General Motors Corporation*, 437 F.2d 196, 199 (1st Cir. 1971) and the cases cited therein.

In *Richman, supra,* this court found an abuse of discretion and set aside the dismissal, but in *Asociacion de Empleados, etc. v. Rodriquez Morales,* 538 F.2d 915 (1st Cir. 1976), we followed the same guidelines and upheld the dismissal.

In a very recent case upholding the propriety of a district court's entry of default, we stated:

> When an appellate court reviews the trial court's imposition of sanctions of this nature, it must weigh the sanction in the light of the abuse of discretion standard. *Affanato v. Merrill Brothers & Cianbro Corp.,* 547 F.2d 138, 140 (1st Cir. 1977). *See also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

Viewing the undisputed facts in this case, we cannot say that the trial judge abused his discretion. The case was given a special trial assignment at the request of plaintiff's counsel. This date was postponed as a personal accommodation for Attorney Kenney and another assignment made. Attorney Kenney's first excuse for not meeting this trial date was lack of transportation from Martha's Vineyard. A personal check by the trial court revealed that this excuse was either based upon faulty information or was a deliberate misrepresentation. On the date set for drawing a jury, the trial judge was informed by another attorney that Attorney Kenney was ill and wanted the case taken off the trial list. In his claim of appeal, Mr. Kenney stated at paragraph 2:

> Counsel is still recuperating from a serious lung operation and missed two weeks of work before, during and after the ordered trial date.

If Attorney Kenney was seriously ill, as he now claims, he should have informed the district court of this at some time prior to the date set for trial. It would have been logical and reasonable for him to have made a request for a continuance based on illness, but, instead, he told the deputy clerk that no ferry service was available to the mainland from Martha's Vineyard. Under the circumstances, the trial judge cannot be faulted for viewing the illness claimed on June 14 with some skepticism.

No reasonable grounds were advanced by Attorney Kenney either in his brief or during oral argument as to why he would not accede to the district court's suggestion that Attorney Eisenstadt be allowed to select a jury. Attorney Kenney's attitude seems to be that cases can be assigned, postponed, reassigned and continued at the mere request of an attorney without the necessity of advancing good and sufficient reasons. Court calendars and trial assignments are not made to accommodate attorneys; it is the interest of the litigants in the orderly processing and trial of cases that is paramount. While we realize that the sins of the attorney are being visited upon the plaintiff, we must also recognize that the wheels of justice which now turn ever more slowly for civil cases would grind to a halt if delays such as the one requested here were to be allowed.

Under these facts, we find that the district court did not abuse its discretion in dismissing the case with prejudice for lack of prosecution.

*The judgment of the district court is affirmed.*