William ANDERSON et al., Plaintiffs,

v.

CITY OF NORTHLAKE, Defendant.

No. 78 C 1755.

United States District Court,
N. D. Illinois, E. D.

July 10, 1980.

Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, Ill., for plaintiffs.

Arthur H. Zimmerman, Carlo E. Poli, Zimmerman & Zimmerman, Chicago, Ill., for intervenor.

**144**

## ORDER

BUA, District Judge.

■ This cause comes before the court upon the Intervenor's failure to comply with this court's order of May 16, 1980, directing the Intervenor, City of Northlake Police Pension Board [the Board], to file an answer in response to defendant's motion to dismiss the Board's first amended complaint. The court's order of May 16, 1980, specifically set June 5, 1980, as the date by which the Board was required to file its answer. The Board was informed by the court's notice, mailed on May 16, 1980, that the Board's failure to file a timely answer would result in the court's granting defendant's motion to dismiss. Because the Board failed to comply with this order, defendant's motion to dismiss the Board's first amended complaint is granted.

■ It is well-settled that trial courts have the inherent authority to dismiss *sua sponte* for lack of prosecution. *Link v. Wabash Railroad Company*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), *affirming* 291 F.2d 542 (7th Cir. 1961). This concept is codified in Rule 41(b) of the Federal Rules of Civil Procedure,[1] 28 U.S.C. (1976), which gives the district courts wide discretion to determine when they ought to dismiss. *See* Comment, *Involuntary Dismissal For Disobedience Or Delay: The Plaintiff's Plight*, 34 U.Chi.L.Rev. 922, 924 (1967). *See also Pease v. Peters*, 550 F.2d 698, 700 (1st Cir. 1977) (dismissal with prejudice by the trial court for lack of prosecution is not only expressly authorized under Rule 41(b), F.R.Civ.P., but comes within the inherent power of a trial judge). This power to dismiss is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant. *Santiago v. Rivera*, 553 F.2d 710, 712 (1st Cir. 1977).

Although dismissal is an extreme sanction normally resorted to only after lesser sanctions[2] have proven either ineffective[3] or inappropriate,[4] dismissal is proper here. The Board was warned that its first amended complaint would be dismissed if it failed to comply with this court's order of May 16, 1980, yet the Board chose to disregard this explicit order. The Board has advanced no reasons or excuses for its inaction.

■ Traditionally, courts have been reluctant to default a party because "the policy of the law [favors] disposition of cases on their merits." *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971). This policy, however, must be balanced against "the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved." *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1054 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). *See also Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977). After over a year of fruitless litigation, the Board still has not established the basis for its presence in this

---

1. Rule 41(b) provides in pertinent part:
   Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or *to comply with* the rules or *any order of court*, a defendant may move for dismissal of an action or of any claim against him. . . . (emphasis added).

2. "Such sanctions include a warning, a formal reprimand, placing the case at the bottom of the calendar list, a fine, the imposition of costs or attorneys fees, the temporary suspension of counsel from practice before the court, and dismissal of the suit unless new counsel is secured. *Santiago v. Rivera*, 553 F.2d 710, 712 n.1 (1st Cir. 1977).

3. *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C.Cir. 1977) (dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions).

4. *Santiago v. Rivera, supra* note 2, at 712 (dismissals for want of prosecution are drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate).

action. On balance, the interests of justice are better served by dismissing this cause so that the court can deal with the problems of other litigants.

The problem in the present case was considered in *Asociacion de Empleados v. Morales,* 538 F.2d 915 (1st Cir. 1976). In *Morales,* the district court dismissed the plaintiff's complaint with prejudice because the plaintiff failed to comply with the court's orders. 538 F.2d at 916. Specifically, the plaintiff was ordered to file within fifteen days an opposition and brief in reply to the defendants' motion to dismiss. *Id.* The Court of Appeals in *Morales* gave considerable weight to the fact that the district court had warned the plaintiff that failure to file a timely answer would result in dismissal. The *Morales* court reasoned that "[i]n light of [the] clear language in the [district court's] order of October 8, plaintiff cannot reasonably claim that it did not have notice of the gravity with which the court viewed their inaction." *Id.* at 917. Further, the *Morales* plaintiff presented no reasonable excuse for its lack of prosecution. *Id.*

The Board has conducted itself in the same manner as the *Morales* plaintiff. It was warned by this court's explicit order that its failure to timely file an answer to defendant's motion to dismiss would result in dismissal of the Board's action. It has advanced no reason or excuse for its failure to prosecute this cause. Accordingly, the Board's first amended complaint is dismissed with prejudice.

IT IS SO ORDERED.