Leanders SMITH and Robert WILSON
vs.
WGBH-TV, WGBH
EDUCATIONAL FOUNDATION

Civ. A. No. 77-2902-MA

United States District Court,
D. Massachusetts

October 21, 1980

C. David Grayer for the plaintiff.
Paul A. Butler for the plaintiff.
Arnold P. Messing for the defendant.
Peter A. Zheutlin for the defendant.

## MEMORANDUM AND ORDER

### MAZZONE, D.J.

This is an action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, in which the plaintiffs seek damages for alleged discriminatory treatment in their capacity as employees of WGBH-TV (WGBH), Boston's non-profit educational television station.

After consideration of plaintiffs' discrimination claims, the Equal Employment Opportunity Commission (EEOC) did not find reasonable cause to believe the plaintiffs were discriminated against because of race and issued a Notice of Right to Sue to plaintiff Leanders Smith on June 28, 1977, and to plaintiff Robert Wilson on July 1, 1977. The instant complaint was filed on September 26, 1977, however, plaintiffs' former attorney failed to cause a copy of the

complaint and summons to be served on WGBH at that time.

On November 24, 1978, no action having been taken by the plaintiffs, the case was dismissed for want of prosecution. On March 25, 1980, a summons and a copy of the complaint were served upon WGBH. At the same time the plaintiffs moved to reactivate the case and to set aside the dismissal, pursuant to Fed.R.Civ.P. 60(b). Following a conference with counsel for the parties, the Court denied plaintiffs' motions.

Thereafter, on April 30, 1980 plaintiff Smith wrote a personal letter to the Court seeking a reconsideration of denials. Treating the letter as a motion for reconsideration the Court denied the motion noting that a new action had been filed.[1] The plaintiffs also filed an appeal of the dismissal. Subsequently, at a second conference with the Court, plaintiffs and their counsel urged that the failure to make timely service of process resulted from the apparent negligence of plaintiffs' former counsel. A review of the Court's file and records revealed the presence of documents containing the false endorsement of the Court. These documents, purporting to be rulings of the Court, indicated that the case was proceeding in a normal fashion when, in fact, service of process had not yet been made. There was further representations as to the mental condition of the lawyer in charge of the case. Based upon these considerations, the prior order of dismissal was vacated and Smith and Wilson were given leave to serve their original complaint. On June 13, 1980, upon plaintiffs' motion, the case was remanded to this Court from the Court of Appeals. On July 24, 1980, a copy of the complaint in the restored action was served upon WGBH.

The case is presently before us on the defendants' motion to dismiss the complaint. In brief, WGBH alleges plaintiffs' failure to make timely service of process deprives the Court of subject matter jurisdiction on the ground that the relevant statutes of limitation expired before the action was properly commenced; and the failure to make timely service warrants dismissal of the case for want of prosecution

pursuant to Fed.R.Civ. P. 41(b). Plaintiffs oppose the motion, claiming inter alia: the filing of the complaint on September 26, 1977 tolled the running of the applicable statutes of limitaion; and dismissal under Rule 41(b) is inappropriate since the delay in effecting proper service is not attributable to the plaintiffs, personally, and the delay has not resulted in prejudice to the defendants.

## I. Statute of Limitations

WGBH first claims that the instant action should be dismissed because it was not commenced within the applicable limitations period. Although it is undisputed the complaint was filed September 26, 1977, within any possibly applicable limitations period,[2] WGBH claims that plaintiffs were required, under Fed.R.Civ.P. 3 and 4(a), to exercise reasonable diligence in effecting service of process, and their failure to do so requires dismissal. WGBH cites several cases supporting the proposition that reasonable diligence in making service of process is required to toll the applicable statute of limitations. See Defendants' Memorandum, at 4-8.

We acknowledge that a split of authority exists on the question whether the filing of a complaint, without more, is sufficient to commence an action within the meaning of the federal rules, thereby tolling the running of the statute of limitations. See, e.g., 5 Moore's Federal Practice 3.07 [4.3-2], 3-117-121 (2d ed. 1979); 4 Wright & Miller, Federal Practice and Procedure, § 1056, 177-182 (1969). However, absent

---

[1] A new complaint was filed, No. 80-868-MC, but apparently never served upon WGBH. Plaintiffs and their counsel subsequently disavowed the actions of prior counsel in the filing of that complaint and it has accordingly been treated by the parties as withdrawn.

[2] The limitations period in Title VII cases is 90 days following plaintiffs' receipt of a right to sue letter. In its memorandum, WGBH urges us to apply either a two or three year limitations period to plaintiffs' section 1981 claims. Because of our ruling on the main issue, we need not decide which, if any, of the limitations' periods advocated by WGBH is appropriate in section 1981 cases.

a controlling determination of the issue by the Supreme Court or the First Circuit Court of Appeals, we feel compelled to follow the greater weight of (and more recent) authority and conclude that, with respect to cases arising under federal law, the timely filing of a complaint is sufficient to commence an action and toll the statute of limitations. See, e.g., Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co., 347 F.2d 921, 922 (8th Cir. 1965), cert. denied 383 U.S. 925 (1966); United States v. Wahl, 583 F.2d 285, 288 (6th Cir. 1978); Bomar v. Keyes, 162 F.2d 136 (2d Cir.), cert. denied 332 U.S. 825 (1947).

## II. Failure to Prosecute

As an alternative ground, WGBH argues that plaintiffs' failure to make timely service of process justifies dismissal of the instant case under Fed.R.Civ.P. 41(b).

Rule 41(b) unquestionably gives the district courts discretion to dismiss an action with prejudice for lack of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, 629-630 (1962); Pease v. Peters, 550 F.2d 698-700 (1st Cir. 1977); 9 Wright & Miller, § 2370, 203. As the defendants correctly point out, several cases have held that a failure to make timely service, by itself, may provide adequate grounds for dismissal under the rule. See Defendants' Memorandum, at 19-20. But see, Wright & Miller, supra, at 213, n. 18 (citing cases in which two year delay between filing of complaint and service of process was held not to warrant dismissal). Nevertheless, this Circuit has adopted a strong policy favoring disposition of cases on their merits, and against imposing the drastic sanction of dismissal except where other sanctions or remedies have proven ineffective. Richman v. General Motors Corporation, 437 F.2d 196, 199 (1st Cir. 1971). Accord, Medeiros v. United States, 621 F.2d 468, 470 (1st Cir. 1980); Zavala Santiago v. Gonzalez, 553 F.2d 710, 712 (1st Cir. 1977); Pease v. Peters, supra, 550 F.2d at 700. See generally, Wright & Miller, supra at 203.

In particular, it has been suggested that, where a claim is presently being prosecuted

with diligence it ought not be dismissed because at some earlier time plaintiff did not act diligently. See Wright & Miller, supra, at 204 n. 6 (citing numerous cases). In all cases, the policy in favor of deciding claims on their merits must be weighed against any prejudice to the defendant resulting from the delay. Richman, supra, 437 F.2d at 199; Pease, supra, 550 F.2d at 700; Wright & Miller, supra at 216-217, and n. 28-29.

In the instant case, WGBH claims it has suffered actual prejudice as a result of the nearly two and one-half year delay in making service. Affidavits filed by defendants' counsel and Mr. David Ives, President of the station, allege numerous examples of actual prejudice involving inter alia: the fact that a number of executives and other employees with knowledge of the station's employment practices have left WGBH since September 1977; and the fact that relevant documents and records may have been dispersed or destroyed in the ordinary course of business, or placed in storage such that retrieval would require substantial effort and expense (Ives Affidavit, ¶ 4 at 2, ¶ 19 at 10). While we cannot say these claims are without merit, they are insufficient, in our view, to overcome the strong policy favoring disposition of cases on the merits, and to justify imposing the extreme sanction of dismissal.

While several executives and employees with knowledge of facts relevant to the instant controversy are no longer employed by WGBH, others, including President Ives, a number of directors, technicians and cameramen, still are (Brown affidavit, 5 at 2). Still others, such as former Chief of Operations Peter Downey, apparently continue to maintain free-lance or other contractual relations with WGBH (Brown Affidavit, 6, at 2). Finally, with respect to the remaining former employees, WGBH does not allege that these persons are unavailable in that they cannot be contacted informally or deposed in the districts where they presently reside. Similarly, the defendants' allegations that important documents have been destroyed and are unavailable also appear unsubstantiated.

While ongoing discovery in the instant

case may reveal significant gaps in WGBH's records justifying appropriate relief at a later date, we cannot agree that its general allegations of actual prejudice are sufficient to warrant dismissal at the present time. **See, generally, Citizens Utilities Co. v. American Telephone and Telegraph Co.,** 595 F.2d 1171, 1174, n. 7 (9th Cir. 1979) (sufficient prejudice to warrant dismissal exists where, inter alia, important defense witnesses were deceased or incapacitated); **Equal Employment Opportunity Commission v. Westinghouse Electric Corporation,** 592 F.2d 484, 486-87 (8th Cir. 1979) (where issues of fact concerning the degree, if any, of actual prejudice to the defendant exist, dismissal is improper); **Preston v. Mendlinger,** 83 F.R.D. 198, 199-201 (S.D.N.Y. 1979) (delay of two years in effecting service termed "moderate," and defendants were not prejudiced such as to justify dismissal for want of prosecution); **Ahmad v. Independent Order of Forresters,** 81 F.R.D. 722, 726-27 (E.D.Pa. 1979) (conclusory allegations that witnesses and documents are no longer available insufficient evidence of prejudice to warrant dismissal of Title VII action where plaintiff's counsel was responsible for two year delay).

Finally, in accordance with a substantial body of authority, we note our reluctance to impose the drastic sanction of dismissal where the delay in effecting proper service is not fairly attributable to any dilatory conduct by the plaintiffs themselves, but rather was the apparent result of inadvertence or neglect by plaintiffs' former counsel, particularly where, as here, a clear showing of actual prejudice has not been made. **See, e.g., Anthony v. Marion County General Hospital,** 617 F.2d 1164, 1168 (n. 4 and cases cited therein) (5th Cir. 1980); **Gonzalez v. Firestone Tire & Rubber Co.,** 610 F.2d 241, 247-48 (5th Cir. 1980); **Reizakis v. Loy,** 490 F.2d 1132, 1135-36 (4th Cir. 1974); **Ahmad, supra,** 81 F.R.D. at 726.

## Conclusion

We are all mindful of the expense and effort involved in defending a charge that the defendants in good faith believe had long since been put to rest. But we cannot overlook the fact that the plaintiffs themselves were not personally responsible for causing this delay. On the contrary, it appears that they too were led to believe the case was progressing normally, and indeed, in their favor, by fraudulent documents furnished them by counsel. In light of this Circuit's expressed policy favoring the disposition of cases on their merits, plaintiffs should not now be deprived of their day in court.[3]

Accordingly, the defendants' motion to dismiss will be denied. Our ruling does not preclude WGBH from requesting appropriate relief in the future, if necessary, to alleviate any actual prejudice which can be shown to have resulted from the delay in this case.[4]

**So ordered.**
**A. Mazzone, D.J.**

[3]The plaintiffs have indicated that they are ready to proceed to trial immediately, and we encourage the parties to complete discovery and assemble the record for trial with all deliberate speed.

[4]Such relief may include, but is not necessarily limited to an award of additional costs incurred in retrieving documents or deposing out of state witnesses, or limiting the time period covered by the instant action in the event important documents have been destroyed or witnesses are actually unavailable.