Bernard P. COLOKATHIS,
Plaintiff, Appellant,

v.

WENTWORTH–DOUGLASS HOSPITAL,
et al., Defendants, Appellees.

No. 82–1410.

United States Court of Appeals,
First Circuit.

Argued Oct. 8, 1982.

Decided Nov. 15, 1982.

---

Charles A. Meade, Concord, N.H., with whom Stephen R. Fine & Associates, P.A., Manchester, N.H., was on brief, for plaintiff, appellant.

Robert M. Larsen, Concord, N.H., with whom Eugene Van Loan, III, A.J. McDonough, Manchester, N.H., and Sulloway, Hollis & Soden, Concord, N.H., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

COFFIN, Chief Judge.

Bernard Colokathis appeals from an order of the District Court of New Hampshire dismissing his complaint for want of prosecution. After hearing oral argument from the parties and carefully reviewing the record, we conclude that the district court was within the proper exercise of its discretion in dismissing the case.

The case has a long history. We rehearse here only the highlights. Plaintiff filed his complaint in November of 1977. Extensive discovery was conducted by plaintiff's first trial counsel and a trial date was set for June 9, 1980. On May 6, 1980, the case was continued on the court's own motion and the trial date was changed to December 29, 1980. On September 24, 1980, plaintiff's counsel withdrew, citing serious and irreconcilable differences with the plaintiff. There followed a parade of new counsel for the plaintiff, totalling at least seven by May of 1982.[1] One of the new counsel entered on December 10, 1980. Because he "had not had an opportunity to review all of the pleadings and discovery compiled to date", he asked for and was granted a continuance in the trial from the scheduled December 29, 1980 date to December 7, 1981.

On January 15, 1981, another new counsel, Leo Hirsch, appeared on behalf of plaintiff. He advised the court that he expected to be able to review the file of approximately 4,000 to 5,000 pages within six weeks of receiving it. The court gave him until March 16, 1981 to notify the court and parties what further discovery would be necessary to prepare the plaintiff's case for trial. On March 11, 1981, the plaintiff reported to the court that it was "impossible to complete the review of the file in a thorough manner so as to be able to decide what additional discovery might be required by March 16, 1981." The court granted an extension to July 31, 1981. On May 22, 1981, attorney Hirsch outlined his requested discovery and defendants objected. On June 11, 1981, the court announced that the case would take priority on his calendar and that "[n]o further continuance will be granted." At a hearing on September 11, 1981, the trial judge expressed his concern over "the lack of any discovery since my Order of January 20, 1981, and the close proximity of final pretrial on November 20, 1981 and trial date of December 7, 1981" and ordered a September 11, 1981 cutoff for plaintiff's additional discovery requests and an October 8, 1981 hearing on discovery objections.

On September 16, 1981, plaintiff's local counsel withdrew. Plaintiff failed to appear at the discovery hearing, held on October 9, and the court denied the discovery requests. On October 21, 1981, attorney Hirsch moved to have the October 9 orders withdrawn, arguing that they amounted to a denial of due process. On October 28, 1981, new local counsel appeared and moved to continue, arguing that attorney Hirsch

---

* Of the Second Circuit, sitting by designation.

1. There is some confusion as to the exact number of attorneys. Plaintiff counts ten, five local counsel and five out of state trial counsel, but his count includes two attorneys who may never have formally appeared in the action. In any case, seven are enough.

had not received notice of the October 9 hearing and that "at the very best the discovery conducted by plaintiff's previous trial counsel was inadequate." On November 13, 1981, the trial judge denied the motion to withdraw the October 9 orders, denied all further discovery and all further continuances, "absent the most exigent of circumstances", and ordered that "this case will proceed to trial as presently scheduled, or it will be dismissed with prejudice." Because of the trial judge's illness, the trial date was changed again, to April 27, 1982. The final pretrial conference was scheduled for April 8, 1982.

On April 2, 1982, attorney Hirsch withdrew, citing "irreconcilable differences" with the plaintiff over the payment of legal fees and the conduct of the case. On April 6, 1982, the court dismissed the case. The court noted the dilatory tactics of the plaintiff, the cost to the defendants, the waste of judicial resources and the probability of further delay. Plaintiff's local counsel moved to reinstate the case, assuring the court that he was ready, willing and able to proceed with the case as scheduled. The court denied the motion.

On appeal, plaintiff argues that the court abused its discretion by not considering less drastic sanctions than dismissal and by not waiting until the date set for trial to determine whether the latest change in counsel would result in further delay of the case. He also asserts that he should have had notice and a hearing prior to the dismissal of his case or at least an opportunity to explain to the court the reasons for the actions that provoked dismissal. We disagree.

We have had several occasions recently to rehearse the standards for dismissal, under Fed.R.Civ.P. 41(b), for want of prosecution. As we noted in *Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir.1980) (*quoting Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir.1977)):

"A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant. *See Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 Wright & Miller, Federal Practice and Procedure § 2370 at 199. Because of the strong policy favoring the disposition of cases on the merits, *see Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971), we, and federal courts generally, have frequently warned that dismissals for want of prosecution are drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate. *See Asociacion de Empleados v. Rodriguez Morales*, 538 F.2d 915 (1st Cir. 1976); *Richman v. General Motors Corp.*, supra. *See also Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir.1972). But we have not hesitated to affirm dismissals of suits for want of prosecution in the appropriate cases. *See Pease v. Peters*, 550 F.2d 698 (1st Cir.1977); *Asociacion de Empleados v. Morales*, supra; cf. *Luis Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415 (1st Cir.1976)."

█ This was an appropriate case for dismissal. The court had endured four and a half years of delay and confusion, contributed to by at least seven different attorneys for the plaintiff. It had repeatedly warned that no further delay would be countenanced. In light of the prior requests for continuances to give new counsel the opportunity to familiarize themselves with the voluminous record and the fact that local counsel, prior to the withdrawal of attorney Hirsch, apparently had little involvement in the conduct of trial preparation, the district court was warranted in concluding that the most recent changing of the guard could only signal further delay. We see no reason why the court and the defendants should have been put to the further trial preparation expense that would have been required had the court waited to dismiss the case when the plaintiff actually requested further delay.

As plaintiff points out, we have counseled in other cases that the court should consider less drastic sanctions than dismissal. *See Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir.1977) (suggesting sanctions such as a warning, a formal reprimand, placing the case at the bottom of the calendar list, a fine, the imposition of costs or attorney fees, and the temporary suspension of the counsel from practice). Here we see no less drastic sanction that would have served to prevent the further delay and harassment of the court and the defendants that the court's order sought to avoid.

█ Nor are we persuaded that the plaintiff was entitled to notice and a hearing before the court dismissed the case. The Supreme Court has made clear that "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). *See also Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410 (1st Cir.1981).

In light of the fact that plaintiff's problems are apparently due largely to his own inability to get along with his counsel, with the result that after four and a half years the case was still not prepared for trial, and of the court's repeated warning that further delay would result in dismissal of the case, we cannot say that there was any unfairness to the plaintiff in the fact that he was not afforded one final opportunity to try to persuade the court that the history of delays would not be repeated.

*The judgment of the district court is affirmed.*