**UNITED STATES INVESTMENT AND DEVELOPMENT CORPORATION,
Plaintiffs, Appellants,**

**v.**

**Antone B. CRUZ, Jr., Paul Mathieu, Francis O. Quinn, Chester L. Rymszewicz, and Normand Maranda, as they constitute the New Bedford Housing Authority, Ralph E. Moore, as he is the Superintendent of Buildings of the City of New Bedford, a municipal corporation, and the United States of America Department of Housing and Urban Development, Defendants, Appellees.**

Nos. 85–1388, 85–1480.

United States Court of Appeals,
First Circuit.

Argued Oct. 10, 1985.

Decided Jan. 2, 1986.

David L. Goodhue, Boston, Mass., for appellants.

Richard Welch, III, Boston, Mass., Philip N. Beauregard, Fairhaven, Mass., John Letourneau, New Bedford, Mass., for appellees.

Before BREYER and TORRUELLA, Circuit Judges, and HILL,* District Judge.

TORRUELLA, Circuit Judge.

These appeals arise from the dismissal for lack of prosecution of a twelve year old law suit. The appellant United States Investment and Development Corporation ("USIDC") is a private developer who entered an agreement to build a federally-funded housing project in New Bedford, Massachusetts. When the city of New Bedford refused to issue the necessary building permit, USIDC filed a suit in equity seeking declaratory and injunctive relief that would enable it to continue with the project. The complaint, filed in May, 1973, named as defendants Ralph Moore, Superintendent of Buildings of the City of New Bedford ("Moore"); the City itself; the United States Department of Housing and Urban Development ("HUD"); and individual members of the New Bedford Housing Authority. The complaint did not specifically name as a defendant the Housing Authority itself; however, USIDC's prayer sought judgment against the Housing Authority.

In May 1975, the Bristol Superior Court dismissed from the suit the individual members of the Housing Authority. Three years later in 1978, USIDC filed a motion to amend the complaint. The amended complaint sought to add many new facts as well as new causes of action for breach of contract and money damages. Moreover, the motion to amend the complaint sought to rename as defendants the Housing Authority's members. The motion was denied.

In October 1984, in its second motion to amend before the Bristol Superior Court, USIDC for the first time attempted to add the Housing Authority itself as a defendant. USIDC also repeated its 1974 tactic of attempting to add new facts and new causes of action, both for breach of contract and sounding in tort. This second motion to amend had not been adjudicated when the case was subsequently removed to federal court at HUD's request. It was after such removal that, on January 30, 1985, the federal district court denied the motion to amend.

On March 27, 1985, a hearing was held on HUD's motions to dismiss and for summary judgment, and also, on a motion by the Housing Authority for final judgment.[1] In a bench ruling, the court granted HUD's motion to dismiss on dual grounds of failure to state a cause of action and failure to prosecute, and granted the Housing Authority's motion for final judgment. On June 11, 1985, the court granted the motions to dismiss the two remaining defendants, Moore and the City of New Bedford, for failure to prosecute. USIDC seeks review of these orders.

The appellant's first claim of error is that the district court abused its discretion in denying USIDC's motion to amend filed in October of 1984. The district court clearly has broad discretion in ruling on a motion to amend the pleadings. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir.1979). The federal rules specify that such discretion should be

---

* Of the Central District of California, sitting by designation.

1. While the Housing Authority was never a named defendant either in state or federal court, the district court judge was apparently willing to give them standing to make a motion for judgment and was willing to grant their motion despite their not being a named defend-ant. The judge apparently was of the view that since all members of the Housing Authority Board had been named defendants in their official capacity, there was enough doubt as to whether the naming of all Board members was in fact an action against the Housing Authority, so that the judge was warranted in entertaining the Housing Authority's motion.

exercised in favor of allowing amendment "when justice so requires." Fed.R.Civ.P. 15(a).

The district court's order and memorandum of March 27, 1985, evinces due consideration of the relevant factors in deciding whether justice would be served by allowing amendment in this instance. The court noted that the amended complaint added new causes of action in contract and tort, alleged new facts, and requested monetary damages. It further noted that a similar motion to amend had been denied six years earlier when the case was still in state court.

■■■ As we have noted before, when "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19–20 (1st Cir.1979); *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir.1983). It cannot be gainsaid that a "considerable period" of time has elapsed here. The original complaint was filed in 1973. The first unsuccessful motion to amend, naming the Housing Authority as a defendant, was filed in 1978. The second motion to amend, seeking essentially the same amendments as the 1978 motion, was filed in 1984. After careful perusal of the appellant's argument, we agree with the district court that the USIDC has failed to meet its burden of showing some valid reason for its delay. Nor has USIDC convinced us that we should reach a different result from that ordered by the state court six years earlier on essentially the same motion. Accordingly, we see no error in the district court's denial of USIDC's motion to amend its complaint.

■■■ We next consider the district court's dismissal for failure to prosecute the claims against Moore, the City of New Bedford, and HUD. Despite the severity of granting dismissal, the district court clearly has the authority to do so when necessary to prevent unfair prejudice to the defendants in a suit and undue delays in the disposition of other pending cases. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Colokathis v. Wentworth-Douglass Hospital*, 693 F.2d 7 (1st Cir. 1982), *cert. denied*, 461 U.S. 915, 103 S.Ct. 1894, 77 L.Ed.2d 284 (1983); *Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir. 1980); Fed.R.Civ.P. 41(b).

■■ The difficulties that would result from requiring the appellees to defend against USIDC's suit at this late date are obvious. Since the period during which the disputed events occurred, the Housing Authority's membership has completely changed and its then executive and assistant directors have died. The agreement upon which USIDC seeks to impose liability on the City of New Bedford was executed nearly two decades ago in 1966. Additionally, because the original complaint sought only injunctive and declaratory relief, some of the evidence on the issue of monetary damages was understandably not preserved by the parties. We affirm the district court's ruling that the appellant's "clear record of delay," compounded by the prejudice caused to the defendants, justified dismissal for want of prosecution. *See Asociación de Empleados v. Rodríguez Morales*, 538 F.2d 915 (1st Cir.1976).

The district court dismissed the claim against HUD "on the dual grounds of failure to state a claim against HUD and failure to prosecute." The appellant's third claim of error therefore is that the complaint did state a cause of action sufficient to withstand a motion to dismiss. Because we have already upheld the dismissal for failure to prosecute, there is no need for us to consider this argument.

Finally, USIDC argues that the court should not have granted final judgment for the Housing Authority because only its individual members, and not the Housing Authority itself, had been dismissed from the case by the state court in 1975. First, we note that the record raises a substantial doubt as to whether the Housing Authority

*ever* was a party. Second, even assuming the Housing Authority was once a party, we are compelled to resolve any doubt that it *remained* a party against such a conclusion. The appellant did not include the Housing Authority in negotiating its stipulation of facts in 1983 as it did regarding the other defendants. Nor did the Housing Authority receive any other indication of a continuing claim against it. Moreover, we find that the claim against the Housing Authority suffers from the same clear record of procrastination by the appellant that warranted dismissal of USIDC's other claims. Accordingly, we affirm the district court's judgments in all respects, with double costs to the appellees.

*Affirmed.*