CARIBBEAN TRANSPORTATION
SYSTEMS, INC., Plaintiff,
Appellant,

v.

AUTORIDAD DE LAS NAVIERAS DE
PUERTO RICO, et al.,
Defendants, Appellees.

CARIBBEAN TRANSPORTATION SYS-
TEMS, INC., et al., Plaintiffs,
Appellants,

v.

AUTORIDAD DE LAS NAVIERAS DE
PUERTO RICO, et al.,
Defendants, Appellees.

United States Court of Appeals,
First Circuit.

Heard March 6, 1990.

Decided April 25, 1990.

Francisco M. Lopez Romo, Old San Juan, P.R., for plaintiffs, appellants.

Dennis A. Simonpietri, San Juan, P.R., with whom Ramirez & Ramirez, Hato Rey, P.R., was on brief, for defendants, appellees.

Before BREYER and SELYA, Circuit Judges, and RE, Judge.*

BREYER, Circuit Judge.

The appellants in this case worked for Puerto Rico's government shipping Authority, or firms associated with that Authority, in the late 1970's and early 1980's. After that time, they began to work for a private shipping firm, a firm that tried to compete, in certain areas, with the government Authority. They believe that the Authority, and persons associated with it, have systematically tried to harass them by, for example, publicly threatening to investigate them for allegedly improper financial activities, telling others not to do business with them, and bringing a lawsuit in the Commonwealth courts to prevent them from using allegedly misappropriated information. In January 1986 they filed a complaint in federal court, claiming that harassment of this sort violated various trade-related and civil rights laws. They also sought unsuccessfully to remove the Commonwealth court case against them to federal court and to try the two cases together. In June 1988 they amended their complaint, dropping the trade-related allegations, and emphasizing that the Authority had engaged in politically based discrimination in violation of the federal Constitu-

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

tion and various civil rights laws. About fourteen months later the federal district court dismissed their complaint with prejudice for failure to prosecute. *See* Fed R.Civ.P. 41(b). They appeal that dismissal.

■ Because of errors in appellants' notices of appeal, we are not at all certain that we have jurisdiction to hear their arguments; assuming, however, that we possess appellate jurisdiction, we find those arguments without merit. *See Norton v. Mathews,* 427 U.S. 524, 531–32, 96 S.Ct. 2771, 2775–76, 49 L.Ed.2d 672 (1976); *Marquez v. Aviles,* 252 F.2d 715, 718 (1st Cir.), *cert. denied,* 356 U.S. 952, 78 S.Ct. 917, 2 L.Ed.2d 845 (1958). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action if the plaintiff fails "to prosecute or to comply with these rules or any order of court." Although we recognize that dismissal is a harsh sanction, to be imposed only when lesser sanctions will not work, *see Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977), courts unquestionably have power to dismiss cases for want of prosecution, *see Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962), and "we have not hesitated to affirm [such] dismissals ... [in] appropriate cases," *Medeiros v. United States,* 621 F.2d 468, 470 (1st Cir.1980); *accord Colokathis v. Wentworth–Douglass Hosp.,* 693 F.2d 7, 9 (1st Cir.1982), *cert. denied,* 461 U.S. 915, 103 S.Ct. 1894, 77 L.Ed.2d 284 (1983). We agree with the district court that this is an appropriate case for dismissal.

Appellants began their case more than four years ago. They filed a complaint that failed to explain clearly, in respect to certain claims, how the defendants had violated federal law, and, in respect to other claims, just what federal laws had been violated. They spent seven months trying to remove the Commonwealth court case against them to federal court, even though it seems fairly clear (as the district court found) that they had no legal basis for doing so. When the opportunity to prosecute their federal case again arose, they waited an additional five months before taking further action. The court then ordered them to serve their amended complaint on each defendant; they failed to do so for an additional seven months.

■ The district court acted well within its legal power when it ordered personal service of the amended complaint, for the amended complaint differed radically from the original one: it dropped one plaintiff and added two new ones; it dropped several defendants and added several new ones; it dropped the "trade restraint" claims and added new "civil rights" theories; and it dropped its general reference to damages and added a claim for $27 million. Similarly, the court was entitled to consider, in connection with defendants' Rule 41(b) motion, plaintiffs' seven-month failure to serve the amended complaint, *see Dewey v. Farchone,* 460 F.2d 1338, 1340 (7th Cir. 1972) ("Failure to serve process within a reasonable time may amount to want of prosecution."); plaintiffs' previous delays, *see Enlace Mercantil Internacional v. Senior Indus., Inc.,* 848 F.2d 315, 317–18 (1st Cir.1988) (cumulating periods of delay for purposes of Rule 41(b) analysis); and the fact that plaintiffs had filed various motions which did little to advance or to clarify litigation that, without such clarification, would seem of doubtful legal validity, *see id.* at 317 (factors in Rule 41(b) analysis include "the wasteful expenditure of a significant amount of the district court's time" and "glaring weaknesses in the plaintiff's case"). Finally, the district court could lawfully conclude that the pendency of this litigation tended to harm the defendants and that the passing months would make it more and more difficult accurately to resolve such factual controversies as might exist.

In sum, given the history of this litigation, the prior delays, the prior motions, the uncertain legal nature of the underlying claims, the obvious prejudice to defendants from keeping this action alive indefinitely, and the absence of an adequate excuse for plaintiffs' actions, we cannot say that the district court, which has considerable leeway in determining an appropriate Rule 41(b) remedy, exceeded its powers when it

dismissed this case because of plaintiffs' failure to prosecute and to follow the court's orders regarding service of the complaint.

For these reasons, the court's order dismissing this action is

*Affirmed.*