Furnelli v. FDIC                    CV-92-223-B    05/28/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Furnelli and
 Lisa Furnelli

       v.                                    Civil No. 92-223-B

Federal Deposit Insurance
 Corporation


**O R D E R**


The plaintiffs, Lisa and Richard Furnelli ("the Furnellis") ask that the FDIC, liquidating agent for the failed Durham Trust Company, ("the Bank") return certain items of personalty to them and that the FDIC pay them one week's wages for work performed under an alleged oral agreement with the Bank.  This claim was originally brought as a small claims complaint in the Durham District Court in Strafford County.  The FDIC removed this case to the Federal District Court, where Magistrate Judge Justo Arenas held an evidentiary hearing on October 7, 1992 to determine whether the FDIC owed the Furnellis wages and whether the Furnellis still owned the personal property.  Soon after the hearing, pursuant to the Magistrate Judge's Order of October 7, 1992, the FDIC moved that the Furnelli's claims be dismissed pursuant to Fed. R. Civ. P. 41(b).  The Furnellis objected, and the Magistrate Judge issued his Report and Recommendation on January 7, 1993, recommending that the court grant the FDIC's

motion to dismiss. Since this is a final and dispositive motion, I have reviewed the case de novo pursuant to 28 U.S.C. § 636(C). I will accept in part the Magistrate Judge's Report and Recommendation to the extent that it denies the Furnellis recovery on their claim for wages. However, I decline to accept the recommendation with regard to the items of personalty.

## I. FACTS

The plaintiffs were caretakers of an inn owned by Mr. Furnelli's parents pursuant to a mortgage agreement with the Bank. The Bank subsequently foreclosed on the inn and allegedly entered into an oral agreement to pay the plaintiffs $450 per week to stay on as caretakers of the property. The Bank then failed and was taken over by the FDIC as liquidating agent. The FDIC served the plaintiffs with an eviction notice and warned them to remove their personal belongings. When the Furnellis left the inn, they left behind certain personalty including a swing set, a club house, two picnic tables, two dog houses, a 15-foot garden hose and 75 pounds of venison meat. They seek return of these items or their value and payment for the week they stayed on as caretakers of the inn after the FDIC took over.

## II. DISCUSSION

### I. Standard of Review

Although this motion was brought under Federal Rule of Civil Procedure 41(b), this rule applies where the plaintiff has failed

to "prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court," Fed. R. Civ. P. 41(b); Colokathis v. Wentworth-Douglass Hosp., 693 F.2d 7 (1st Cir. 1982), cert. denied 103 S.Ct. 1894 (1983) (dismissed where there had been a four-and-one-half year delay due to plaintiff's inability to get along with counsel); Corchado v. Puerto Rico Marine Management Inc., 665 F.2d 410 (1st Cir. 1981)(dismissed because of persistent failure to respond to discovery). The FDIC has provided no evidence that this rule applies in the present case. However, upon de novo review of the pleadings, I find that summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate on the issue of wages in this case. Accordingly, I will treat this motion as a motion for summary judgment, finding for the moving party only where there is no disputed material fact and where the moving party is entitled to judgment as a matter of law. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).

II. Wages

The Furnellis contend that the FDIC owes them $450 in wages for the week of work they performed between the time the FDIC took over the Bank and the time the FDIC evicted them from the inn. The Furnellis cannot recover on this claim because it is based on an oral agreement for services and is therefore barred by the common law D'Oench Doctrine. Winterbrook Realty, Inc v.

-3-

FDIC, 90-561-JD, Slip Op. at 8-9 (April 22, 1993 (DiClerico, C.J.).

III. The Personal Property

The FDIC contends that as liquidating agent for the Bank, they have an interest in the property including the contested personalty pursuant to the Security Agreement signed October 2, 1992. However, a genuine dispute exists as to whether the Furnellis' property was subject to the Security Agreement. Accordingly, summary judgment is inappropriate on this issue.

### III. CONCLUSION

For the reasons stated above, the Magistrate Judge's January 27, 1993 Report and Recommendation (document no. 14) is approved in part. Defendant's Motion to Dismiss (document no. 13) is granted in part and denied in part.

SO ORDERED.

 

_____
Paul Barbadoro
United States District Judge

May 28, 1993

cc:  Richard and Lisa Furnelli
     Edwinna Vanderzanden, Esq.

-4-