**In re Billy J. FRANCE.**

**Billy J. FRANCE**

v.

**Sandra L. FRANCE.**

Civ. No. 86–37–D.

Bankruptcy No. 85–389.

Adv. No. 85–105.

United States District Court,
D. New Hampshire.

April 2, 1986.

---

Alan Cantor, Manchester, N.H., for Billy J. France.

B. Timothy Pirtle, McMinnville, Tenn., for Sandra L. France.

## ORDER

DEVINE, Chief Judge.

This matter is before the Court on the objection of the defendant debtor, Billy Junior France, to what defendant contends is the late filing of the designation of the record on appeal herein.

The objection is grounded on Bankruptcy Rule 8006,[1] which mandates the filing of the designation of the appellate record within ten days from the date of filing the notice of appeal. In the instant case, the notice of appeal was filed in bankruptcy court on January 3, 1986, but designation of the record was not filed until January 30, 1986, or some seventeen days later than the time prescribed by Bankruptcy Rule 8006.

■ Absent evidence of prejudice to defendant, or of bad faith on the part of the creditor, an objection of the kind before the Court should rarely be sustained. *In re Comer*, 716 F.2d 168, 177 (3d Cir.1983). The impact of such a sanction is imposed primarily on the client rather than on the attorney, and primary consideration of alternative sanctions should therefore be the function of the appellate court. *In re Hill*, 775 F.2d 1385, 1387 (9th Cir.1985) (abuse of discretion for district court to dismiss bankruptcy appeal for failure to timely file briefs). *See also Colokathis v. Wentworth-Douglass Hospital*, 693 F.2d 7 (1st Cir.1982), *cert. denied*, 461 U.S. 915, 103 S.Ct. 1894, 77 L.Ed.2d 284 (1983) (drastic nature of dismissal pursuant to Rule 41[b], Fed.R.Civ.P., requires careful consideration of other alternative sanctions before entry of such order).

■ In due course,[2] the Court will consider such alternative sanctions to be imposed on counsel for the appellant herein. However, it is apparent that under the circumstances here presented the client is not to be penalized for the fault of counsel, and, accordingly, the objection here filed is overruled.

SO ORDERED.

1. In relevant part, Bankruptcy Rule 8006 provides:

   Within 10 days after filing the notice of appeal as provided by Rule 8001(a) ... the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

2. Within 10 days of the entry of this Order, counsel is directed to file with the Clerk of this Court, with copies to opposing counsel, his affidavit stating the detailed reasons as to why he delayed in filing the designation of the contents of the record on appeal herein.