**In Re N. Denny CRISP and Sandra A. Crisp, Debtors.**

**John H. TRADER and Dennis J.C. Owens, Appellants,**

v.

**Charles E. RUBIN, Trustee, Appellee.**

No. 87–0037–CV–W–9.

United States District Court, W.D. Missouri, W.D.

Aug. 18, 1987.

Charles E. Rubin, Kansas City, Mo., pro se.

John H. Trader, Kansas City, Mo., pro se.

Raymond, Raymond & Owens, Dennis J.C. Owens, Kansas City, Mo., pro se.

ORDER REVERSING DECEMBER 17, 1986, BANKRUPTCY COURT ORDER DISMISSING PRIOR APPEAL, VACATING DECEMBER 29, 1986, BANKRUPTCY ORDER DENYING MOTION TO SET ASIDE AND REQUIRING CLERK OF BANKRUPTCY COURT TO FILE APPELLANTS' DESIGNATION AND STATEMENTS ON APPEAL

BARTLETT, District Judge.

John H. Trader and Dennis J.C. Owens (appellants) appeal the United States Bankruptcy Court's December 17, 1986, order dismissing an appeal from an order dismissing a prior appeal and the December 29, 1986, order denying appellants' motion to set aside order dismissing second appeal. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

Bankruptcy Rule 8013 provides that on appeal the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of the witnesses." The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The district court must independently determine questions of law or mixed questions of law or fact. *In Re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In Re Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

### Factual Background

On October 27, 1986, the United States Bankruptcy Court for the Western District of Missouri entered an order avoiding as a preference the transfer to appellants of a deed of trust on debtors' residence. On November 6, 1986, appellants filed a timely notice of appeal (first appeal). On its own motion the bankruptcy court dismissed appellants' first appeal on November 24, 1986, because appellants had not filed their designation of record and statement of issues on appeal within ten days of filing the notice of appeal as required by Bankruptcy Rule 8006. The Court dismissed appellants' first appeal under authority of the October 30, 1986, General Order of the United States District Court for the Western District of Missouri.

On November 26, 1986, appellants filed a motion to set aside the dismissal of their appeal and a motion for leave to file their designation and statement out of time. Concurrently, the designation of record and a statement of issues were filed. On November 28, 1986, the Court denied appellants' motions to set aside and for leave to file out of time on the grounds that appellants' mistake and inadvertence in failing to file the designation and statement did not constitute excusable neglect.

On December 4, 1986, appellants filed a notice of appeal (second appeal) from the November 24, 1986, and November 28, 1986, orders dismissing the first appeal and denying appellants' motion to set aside the dismissal order. On December 17, 1987, an order dismissing the second appeal was filed. The bankruptcy court dismissed on its own motion appellants' second appeal because the appellants did not timely file the designation of record and statement of issues on appeal pursuant to Bankruptcy Rule 8006 and found that the statement of issues filed in connection with the first appeal would be materially different from those for the second appeal. Also, on December 17, 1986, appellants filed a motion for leave to file designation and statement out of time and tendered their designation and statement. Appellants state they requested leave to file out of time because they were unable to obtain a copy of the October 30, 1986, General Order of the United States District Court for the Western District of Missouri. On December 23, 1986, appellants filed a motion to set aside the bankruptcy court's order dismissing their second appeal. This motion was denied on December 30, 1986. On December 31, 1986, appellants filed a notice of appeal, the designation of record on appeal and the statement of issues.

### Issues on Appeal

The issues on appeal are 1) whether the bankruptcy court's December 17, 1986, dismissal of appellants' second appeal because appellants had not complied with a bankruptcy rule and subsequent refusal to set aside its order of dismissal constitute an abuse of discretion; 2) whether the General Order of the United States District Court for the Western District of Missouri, en banc, dated October 30, 1986, is a delegation of authority that is prohibited by Article III, Section 1 of the United States Constitution; and 3) whether the General Order dated October 30, 1986, is an act denying appellants' right of due process in violation of the Fifth Amendment to the United States Constitution.

*The Bankruptcy Court's December 17, 1986, Dismissal of Appellants' Second Appeal and Subsequent Refusal to Set Aside Its December 17, 1986, Order of Dismissal Was An Abuse of Discretion*

Appellants argue that they made a good faith effort to obtain a copy of the October 30, 1986, General Order authorizing the

bankruptcy court to dismiss appeals for failure by the parties to perfect the appeal by not filing appropriate documents. Therefore, appellants contend that the attempted late filing of the designation and statement was due to excusable neglect of counsel. Further, they argue that the bankruptcy court's refusal to set aside the order dismissing the second appeal was an abuse of discretion because the court acted on its own motion without notice to the parties and that the filing was late by only two days. The trustee contends that the bankruptcy court's dismissal of the second appeal was not an abuse of discretion because 1) there was no disparate impact on clients because the appellants are attorneys representing their own interests; 2) the trustee was prejudiced in his attempt to sell the property on which appellants have their deed of trust by the delays caused by appellants' failure to file the designation and statement; 3) the appellants acted in bad faith by their consistent failure to meet deadlines; 4) the motion for leave to file out of time was not filed until after the appeal was dismissed; and 5) the appellants took no action in perfecting their appeal until after the dismissals.

On October 30, 1986, pursuant to Bankruptcy Rule 8018, the United States District Court for the Western District of Missouri, en banc, entered a General Order providing:

> That the judges of the Bankruptcy Court of the Western District of Missouri may hereafter dismiss appeals from decisions of the Bankruptcy Court filed in this court for failure of any of the parties thereto to perfect an appeal by not filing appropriate documents with the Clerk of the court as provided in the Bankruptcy Rules or Sections of Title 28, U.S.C.A.

In order to perfect an appeal the appellants must file a designation of items to be included in the record on appeal and a statement of the issues to be presented within ten days after filing the notice of appeal. Bankruptcy Rule 8006.

■ Although the bankruptcy court had authority to dismiss appellants' second appeal for failing to perfect their appeal, its

dismissal is subject to review by the district court for abuse of discretion. *See In re Hill,* 775 F.2d 1385, 1386 (9th Cir.1985). When the appellate court reviews the lower court's exercise of discretion, "the inquiry is confined to whether [the] situation and circumstances clearly show an abuse of discretion, that is, arbitrary action not justifiable in view of such situation and circumstances." *Hartford-Empire Co. v. Obear-Nester Glass Co.,* 95 F.2d 414, 417 (8th Cir.1938).

■ Failure to file designations and statements is a non-jurisdictional defect in the prosecution of an appeal, *In re Bienert,* 48 B.R. 326, 327 (N.D.Iowa 1985), unlike failure to file timely a notice of appeal. *Fase v. Seafarers Welfare & Pension Plan,* 574 F.2d 72, 75–76 (2d Cir.1978). "Not every failure to follow procedural rules mandates dismissal of the appeal." *In re Comer,* 716 F.2d 168, 177 (3rd Cir. 1983). Dismissal is a drastic sanction. When dismissal is based on a party's non-jurisdictional procedural default, the "dismissal is proper only when bad faith, negligence or indifference has been shown." *In re Beverly Manufacturing Corp.,* 778 F.2d 666, 667 (11th Cir.1985) (citing *In re Winner Corp.,* 632 F.2d 658 (6th Cir.1980)).

■ Here, although appellants filed their motion for leave to file their designation and statement on December 17, 1987, two days after the filings were due, the bankruptcy court's order dismissing the appeal on that basis was an abuse of discretion. The bankruptcy court acted on its own motion, providing the parties with no opportunity to present the circumstances surrounding their delay. Where bankruptcy appeals have been dismissed for failure to designate timely, there has usually been consistently dilatory conduct by the parties, a complete failure by the parties to do anything beyond filing a notice of appeal or failure by the parties to respond to a motion to dismiss. *See, e.g., In re Bock Laundry Machine Co.,* 63 B.R. 221 (N.D. Ohio 1986) (Court dismissed appeal five months after notice of appeal was filed and appellant failed to file designation and

statement and did not respond to motion to dismiss).

However, more frequently courts have refused to dismiss an appeal for failure to comply with a procedural rule in the absence of bad faith or prejudice to the appellees, finding dismissal a drastic sanction. *See, e.g., Cournoyer v. Lincoln,* 53 B.R. 478 (D.R.I.1985), *aff'd,* 790 F.2d 971 (1st Cir.1986) (notwithstanding plausible claims of prejudice, appellants' inaction for five months to perfect appeal did not justify dismissal when appellee did not move for dismissal for five months); *In re Bernat,* 57 B.R. 1009 (E.D.Penn.1986) (no dismissal when designation and statement filed one month late and motion to dismiss not filed for five months because late filings are "technical defects" and do not justify dismissal in absence of bad faith by appellant and prejudice to other party); and *In re Comer,* 716 F.2d 168 (3rd Cir.1983) (although designation and statement filed few days late, no dismissal in absence of bad faith by appellant and prejudice to respondents).

The appellants' counsel's untimeliness in filing their designation and statement does not amount to an abandonment of their appeal. Although appellants were late on two occasions in filing their designations on appeal and in both appeals failed to request an extension of time before the deadline, in attempting to perfect this second appeal, appellants did file two days after the deadline a motion for leave to file designations out of time and simultaneously tendered the designation. Appellants' failure to comply with well-known deadlines for perfecting appeals may well have been careless and sloppy but on this record their behavior does not amount to bad faith.

Finally, the trustee claims that the delays that led to the dismissal of the appeal prejudiced the trustee (the underlying uncertainty about the preference might "make the buyers nervous and kill the deal.") However, as appellants point out, the trustee does not explain why the appeal will affect a buyer's willingness to complete the transaction when appellants' claim is against the estate and will only affect disbursement of the purchase price. Therefore, I am not convinced that appellants' untimeliness caused any prejudice to the trustee.

Accordingly, the bankruptcy court's *sua sponte* dismissal without notice of the second appeal and the bankruptcy court's subsequent refusal to set aside its order of dismissal were arbitrary and an abuse of discretion.

Accordingly, it is hereby ORDERED that:

1) the bankruptcy court's December 29, 1986, order denying appellants' motion to set aside the order dismissing the second appeal is vacated;

2) the bankruptcy court's December 17, 1986, order dismissing the second appeal is reversed; and

3) the Clerk of the Bankruptcy Court shall file appellants' designation of record on appeal and statement of issues on appeal tendered on December 17, 1986, and stamped "received December 17, 1986."