**In the Matter of Norma A. DOWELL, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Norma A. DOWELL, Defendant.**

Bankruptcy Nos. 83–00364–3, 85–00285–3.

Adv. No. 85–0638–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

Feb. 6, 1989.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Maurice B. Soltz, Kansas City, Mo., for debtor/defendant.

ORDER DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL AND ACCORDINGLY DISMISSING THE

DEFENDANT'S APPEAL FROM THIS COURT'S FINAL JUDGMENT OF JANUARY 9, 1989, DENYING DEFENDANT'S DISCHARGE IN BANKRUPTCY

DENNIS J. STEWART, Chief Judge.

This court formerly issued its final judgment on January 9, 1989, 95 B.R. 690, denying the defendant's discharge in bankruptcy. The defendant's notice of appeal therefrom was filed on January 17, 1989. According to the provisions of Bankruptcy Rule 8006, "[w]ithin 10 days after filing the notice of appeal ..., the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." The 10-day period thus defined ran out in this case on January 26, 1989. To date, no designation of record nor any statement of issues has been filed. On February 1, 1989, the defendant filed a homedrawn application for an extension of time, complaining that she did not receive the court's order reminding her of her duty under Bankruptcy Rule 8006, *supra*, until after the deadline for complying therewith had ran out.

■ The belated motion for extension of time thus filed did not bear the signature of the defendant's attorney of record, but rather only the signature of the defendant. The motion is therefore violative of Bankruptcy Rule 9011, which requires that each and every motion or pleading filed by a party represented by an attorney be signed by that attorney.[1] Therefore, for that reason, the motion is not cognizable in court and must therefore be denied.

■ Further, the motion is untimely. It is not favored in the law for a party to seek an extension of a deadline either when the deadline is about to run out or after it has already run out. For, it has been observed, such an act is to grant one's self a continuance or extension by unilateral fiat, thereby depriving the court of a reasonable opportunity to act on the request for extension. Further, the fate of an untimely motion of this type should be ruled by the principles set out by this court in *Matter of*

*Duncan,* 95 B.R. 672 (Bkrtcy.W.D.Mo. 1988), to the following effect:

"[T]here is nothing in the new rules to except the times for designating and filing the record on appeal from the operation of Bankruptcy Rule 9006(b), which, by its own terms, applies to all instances in which 'an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court.' Consequently, under the clear provisions of that rule:

'the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.'

As the district court, in enacting its General Order of October 30, 1986, appears to have realized, the indefiniteness of the period during which an extension might be sought for excusable neglect left the period for filing the record on appeal virtually open-ended, particularly when the bankruptcy court had no power except to grant the requested extension and when denial of any such extension ordinarily was virtually without meaning. Therefore, in order to enable the bankruptcy court to expedite the supplying of the record on appeal, the General Order of October 30, 1986, was enacted, which gave the bankruptcy court power to dismiss the appeal for failure to designate or supply the record on appeal. The obvious general purpose of the General Order of October 30, 1986, was to expedite transmission of the full record on appeal to the district court.

"The issue which now commonly confronts the bankruptcy court is that of how long to wait after time has run for designating or supplying the record on appeal before invoking the dismissal powers conferred on it by the abovementioned General Order of October 30, 1986. The dilemma is compounded by the open-ended provisions of Bankruptcy

---

**1.** "Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated." Rule 9011(a) of the Rules of Bankruptcy Procedure.

Rule 9006(b)(2), which place no limit on the time, as mentioned above, within which the appellant may request an extension of time on a showing of 'excusable neglect.' If the bankruptcy court must wait indefinitely, or until the failure to supply the record amounts to 'bad faith, negligence, or indifference,' the necessarily intended effect of the General Order—to encourage the expeditious filing of the record on appeal—is wholly lost. The same is true if the bankruptcy court must, as the district court in *In re Crisp, supra,* [77 B.R. 215 (Bkrtcy.W.D. Mo.1987) ], appears to hold, launch an inquiry and create a record to determine whether the failure to designate or supply the record is not due to bad faith. In such a context, the failure of the appellant timely to designate the record on appeal and to supply it is rewarded only by an inevitable grant of an extension of time in which to do so.

"The enactment of the General Order of October 30, 1986, accordingly, would seem to have no other logical effect than to grant the bankruptcy court the power to dismiss the appeal immediately after the time had run out for filing the record on appeal. Any other action, as observed above, would result in the granting of an unwarranted extension of time not in conformance with the requirements of Bankruptcy Rule 9006, *supra.* After the dismissal, it would be open to the appellant to seek reconsideration—and an appropriate enlargement of time—by means of an appropriate motion and a showing of 'excusable neglect.' "

■ Finally, the motion, even if it must be considered on its merits, neither states good cause nor excusable neglect to warrant the requested extension of time. The debtor principally relies on an assertion that she did not receive a copy of the court's order reminding her of the provisions of Bankruptcy Rule 8006 requiring the filing of a designation of record and statement of issues on appeal. But debtor's counsel had knowledge of the rule and also timely had a copy of the court's order. There was no reason that he could not have timely complied with Bankruptcy Rule 8006. And it was his relaying of the court's reminder to debtor which was untimely. It is well established that attorney error does not constitute "excusable neglect" so as to warrant the granting of an extension of time under these circumstances.[2]

Therefore, for the foregoing separate and independent reasons that (1) the motion is not signed by debtor's attorney, (2) that it is untimely, and (3) that it does not state or show any facts constituting "excusable neglect," it is hereby

ORDERED that the debtor's motion for an extension of time in which to file a designation of record and statement of issues on appeal be, and it is hereby, denied. It is further

ORDERED that, pursuant to the General Order of the District Court dated October 30, 1986,[3] the debtor's appeal be, and it is hereby, dismissed.

---

**2.** "(N)otice to counsel constitutes notice to appellant. (Appellant) cannot claim lack of notice ... merely because its president was out of state.... (I)nadvertence or mistake of counsel does not constitute excusable neglect." *Matter of Estate of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028, 1034 (9th Cir.1979). "The inability of counsel to contact Garroutte because he sent a letter to Garroute at a wrong address does not constitute excusable neglect." *In re Intern. Coating Applicators, Inc.,* 647 F.2d 121, 124 (10th Cir.1981). Further, the order which was sent late in this case was one which only contained a reminder of the appellant's duty under Rule 8006; the rule itself set forth that obligation.

**3.** Under this general order, "the judges of the Bankruptcy Court of the Western District of Missouri may hereafter dismiss appeals from decisions of the Bankruptcy Court filed in this court for failure of any of the parties thereto to perfect an appeal by not filing appropriate documents with the Clerk of the Court as provided in the Bankruptcy Rules or Sections of Title 28, U.S.C."