In re Priscilla Lynn WINDERS, Debtor.

The SHAWNEE STATE
BANK, Appellant,

v.

FIRST NATIONAL BANK OF
OLATHE, Appellee.

No. 95–2493–KHV.

United States District Court,
D. Kansas.

Nov. 6, 1996.

**514**

R. Pete Smith, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Priscilla Lynn Winders.

Thomas W. Harris, Shawnee, KS, for Shawnee State Bank.

Christopher B. Bacon, Lowe, Farmer, Bacon & Roe, Olathe, KS, for First National Bank of Olathe.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

Shawnee State Bank ("Shawnee State") appealed the bankruptcy court order granting First National Bank of Olathe ("First National") leave to file its proof of claim out of time and share in the distribution to general unsecured creditors of the bankruptcy estate. By order dated August 30, 1996, this Court affirmed the bankruptcy court's decision to allow First National leave to file a proof of claim out of time, but reversed its holding that First National was entitled to participate pro rata in the distribution to unsecured creditors under 11 U.S.C. § 726(a)(2)(C).[1] This matter now comes before the Court on *Appellee's Motion To Alter Or Amend Judgment* (Doc. # 9) filed September 12, 1996.

First National's argument is two-fold: (1) that this Court lacked jurisdiction to entertain Shawnee Bank's argument concerning distribution; and (2) that if the Court had jurisdiction to entertain the issue, it erred in not affirming the order of the bankruptcy court. Before addressing these points, a brief factual summary is in order.

First National filed its *Motion For Leave To File Proof Of Claim Out Of Time, And/Or To Share In The Distribution To General Unsecured Creditors* (Doc. # 10) on May 19, 1995. On September 20, 1995, in a ruling from the bench, the bankruptcy judge granted First National the option to file out of time. On October 10, 1995, the bankruptcy court addressed the second part of First National's motion, ordering that the Trustee's final account be approved "with the exception that a claim in the amount of $65,431.67 in favor of First National Bank of Olathe shall be allowed as a general unsecured claim to share in the distribution to general unsecured creditors with the Shawnee State Bank."[2] The following day, October 11, 1995, the bankruptcy court entered its final order in this case, holding in pertinent part that "the First National Bank of Olathe's 'Motion to File Proof of Claim Out of Time And/Or To Share In the Distribution to General Unsecured Creditors' is granted."

On October 20, 1995, Shawnee State filed a notice of appeal, stating in pertinent part as follows:

The Shawnee State Bank, the affected creditor, appeals to the District Court from the Order of the Bankruptcy Court entered in this case on the *11th* day of October, 1995, allowing First National Bank of Olathe to filed its claim out of time.

By order entered October 30, 1995, the clerk of the bankruptcy court directed Shawnee State to "file by formal pleading within ten (10) days from the appeal file date" a statement of the issues on appeal. *Notice Of Docketing Notice Of Appeal* (Doc. # 1). On October 27, 1995, Shawnee State filed *Appellant's Designation Of The Items To Be Included In The Record On Appeal And State-*

---

1. Although the bankruptcy court did not expressly address the priority of First National's claim, it sustained First National's motion in its entirety.

2. Shawnee State did not appeal from this order.

*ment Of The Issues To Be Presented* (Doc. # 70 in *Record On Appeal* filed December 12, 1995). Shawnee State identified four issues on appeal, to-wit: (1) whether the bankruptcy court had power to allow First National's claim out of time, absent a showing of deprivation of due process; (2) whether First National had overcome the presumption that it had received notice of the bar date for filing claims; (3) whether the notices which First National admittedly received by First National were sufficient to provide it due process notice; and (4) whether First National had a duty to make inquiry of the proceedings in the bankruptcy court by the receipt of notice that the debtor was involved in a Chapter 7 proceeding. Shawnee State argued these issues in its *Brief of Appellant* (Doc. # 4) filed December 15, 1995, and First National responded, point by point, in the *Brief Of Appellee* (Doc. # 5) filed December 26, 1995.

The concluding paragraph of Shawnee State's original brief on appeal ends with the following summation: "[T]he decision of the bankruptcy court allowing First National Bank of Olathe to share in the distribution to other unsecured creditors should be reversed and the claim of First National Bank of Olathe denied or subrogated to third-tier distribution under § 726(a)(3)." *Brief of Appellant* (Doc. # 4) filed December 15, 1995 at 30. It elsewhere included a passing reference to the distribution issue, as follows:

> In the present case it is admitted that the First National Bank of Olathe had knowledge of the filing of the case and therefore, the creditor should not be allowed to share in a distribution to the general unsecured creditors. Rather, the claim, if allowed, would be subrogated under Section 726(a)(3).

*Id.* at 15. As noted above, neither the notice of appeal nor the designation of issues on appeal identified the distribution issue as one for appellate consideration, and neither document cited legal or factual authority in support of the Shawnee State's summary conclusions on the issue. However, in the *Reply Brief Of Appellant* (Doc. # 6) filed January 3, 1996, Shawnee State argued at length that even if the bankruptcy court had properly allowed the claim to be filed out of time, "the claim must still be subordinated to third-tier distribution under 11 U.S.C. § 726(a)." First National did not seek to file a sur-reply brief under Rule 8009(a)(3), nor did it move to dismiss the purported appeal of the distribution issue or otherwise object to its presentation and argument. First National instead elected to await the outcome of the Court's decision-making process and, having suffered an adverse result, now seeks to set it aside. Its argument, as noted above, is that the Court lacked jurisdiction to entertain Shawnee State's argument concerning distribution and—even if the Court did not lack jurisdiction to entertain the issue—it erred in not affirming the order of the bankruptcy court. First National did not ask the Court to dismiss the appeal or—until now—to deny appellate review of issues not presented in Shawnee State's notice of appeal or designation of issues on appeal.

■ First National's jurisdictional argument need not long detain us. A district court has jurisdiction to hear an appeal from a final judgment, order, and decree of a bankruptcy court pursuant to 28 U.S.C. § 158(a). To appeal from a bankruptcy court's final order, a party must file a notice of appeal with the clerk of the bankruptcy court, see Rule 8001, within ten days of the entry of the judgment, order, or decree from which the party seeks to appeal. See Rule 8002. This ten day period is jurisdictional and a party's failure to file a timely notice of appeal deprives a district court of jurisdiction to review a bankruptcy court's final order. See *In re White*, 183 B.R. 356, 358 (D.Conn. 1995); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir.1985); *In re Satellite Systems Corp.*, 73 B.R. 610, 611 (S.D.N.Y.1987). Rule 8001(a) expressly provides, however, that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court … deems appropriate, which may include dismissal of the appeal."

In this case, of course, Shawnee State filed a notice of appeal which clearly identified the written order from which it sought to appeal.

The issue is not whether this Court had jurisdiction over Shawnee State's appeal but whether Shawnee State forfeited its right to appeal the distribution issue by omitting it from the editorial comment in the notice of appeal and failing to list it in the designation of issues on appeal, where it nonetheless briefed the issue both in its principal brief on appeal and in its reply brief on appeal. The applicable rule is Federal Bankruptcy Rule 8006.

Federal Bankruptcy Rule 8006 states that within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The burden of providing the bankruptcy appellate court with an adequate record on appeal is squarely on the appellant.[3] *Matter of Ichinose*, 946 F.2d 1169 (5th Cir.1991). An adequate designation of issues on appeal is also necessary to put the appellee on notice as to which issues it must defend against and whether the appellant's designation of issues will produce a record adequate for the appellate court. 9 *Collier On Bankruptcy* ¶ 8006.04. Failure to comply with Rule 8006 is not jurisdictional, *In re Crisp*, 77 B.R. 215, 218 (W.D.Mo.1987); *Matter of Duncan*, 95 B.R. 672, 676 (Bankr.W.D.Mo.1988), but it may be a basis for dismissing an appeal.[4] In dealing with late or missing designations, the courts have examined a number of factors. *See In Matter of Bulic*, 997 F.2d 299 (7th Cir.1993). Principal among them are egre-

gious behavior, prejudice, or bad faith. *See In re Winner Corp.*, 632 F.2d 658 (6th Cir. 1980); *In re Champion, supra; In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir.1992); *In re Fitzsimmons, supra; Matter of Thompson*, 140 B.R. 979 (N.D.Ill.1992).

The Court finds that First National had fair notice that Shawnee State was pressing the distribution issue on appeal. Its notice of appeal and its designation of the issues on appeal are no model of precision, and counsel has room for improvement in the issue-framing department. The record suggests no effort to sandbag First National, however, and no evidence of bad faith, dilatory conduct or other egregious conduct by Shawnee State or its counsel. Moreover, First National cannot reasonably claim to have been misled to its detriment. Any doubt concerning the scope of Shawnee Bank's appeal was readily subject to clarification through a motion to dismiss, and First National could have sought leave to address the distribution issue on the merits through a sur-reply to Shawnee Bank's reply brief. The route which was not open to First National was to gamble on the outcome of the appeal before advancing its claim that the Court lacked jurisdiction to proceed with the appeal.

First National also argues that even if the Court did not lack jurisdiction to entertain the distribution issue, it erred in not affirming the order of the bankruptcy court on the ground that "the unique circumstances of this case justify a Court exercising its inherent equity powers under 11 *U.S.C.* 105(a) in order to rule that Appellee's proof

3. "Unless the record that is brought before the court affirmatively shows the occurrence of the matters upon which the appellant relies for relief, the appellant may not urge those matters on appeal." 9 Lawrence King, *Collier On Bankruptcy* ¶ 8006.04 (1992). A court may dismiss a bankruptcy appeal for failure to file a designation of record or statement of issues on appeal. *In re Champion*, 895 F.2d 490, 492 (8th Cir.1990). Failure to take the steps necessary to allow the clerk to transmit the record on appeal to the appellate court may also warrant dismissal. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990) (corporation failed to serve designation of record within 10 day limit, failed to make written request for record and failed to post transcript fees for 8 months after filing appeal); *see also Greco v. Stubenberg*, 859 F.2d 1401 (9th Cir.

1988) (district court's dismissal of bankruptcy appeal when appellant's counsel repeatedly failed to provide funds necessary to cover transcripts not abuse of discretion).

4. When considering whether to dismiss an appeal, the Court must consider (1) whether alternative measures in lieu of dismissal are available and (2) whether the conduct giving rise to the dismissal was caused by the party's attorney. *In re Comer*, 716 F.2d 168, 177 (3d Cir.1983); *Colokathis v. Wentworth–Douglass Hospital*, 693 F.2d 7 (1st Cir.1982), cert. denied, 461 U.S. 915, 103 S.Ct. 1894, 77 L.Ed.2d 284 (1983); *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir.1988); *In re Duncan, supra*, 95 B.R. at 676.

of claim should be treated as a timely filed claim entitled to second tier status under 11 *U.S.C.* 726(a)(2)(A)." The bankruptcy court, which apparently entered a *pro forma* order submitted by counsel for First National and Shawnee State, made no findings whether "unique circumstances" justified such relief. Indeed, aside from its holding, the record reveals nothing of the bankruptcy court's reasoning on the distribution issue and it is unclear whether First National advanced this particular argument below.

■ Generally "[a]n issue not presented in the court below cannot be raised for the first time on appeal and form the basis for reversal." *In re Jones,* 71 B.R. 682, 685 (S.D.Ill. 1987) *citing Country Fairways, Inc. v. Mottaz,* 539 F.2d 637, 642 (7th Cir.1976). Since the Bankruptcy Court did not make explicit findings whether "the unique circumstances of this case" justify second tier status for First National's claim, that matter is not "presented by the record" and is unreviewable by this court on appeal. *See Newman v. Magill,* 99 B.R. 881, 884 (C.D.Ill.1989), *aff'd sub nom., Matter of Newman,* 903 F.2d 1150 (7th Cir.1990). The Eleventh Circuit in *In re Freeman,* 956 F.2d 252, 255 (11th Cir.1992), refused to consider issues on appeal that were not presented in the statement of issues for appeal, were not inferable from the issues properly listed on appeal, and were not raised with the bankruptcy court. In the present case, the distribution issue was inferable from the briefs on appeal and was argued here and before the bankruptcy court, but First National declined to participate in the argument.

■ When the district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing. *Matter of Eichelberger,* 943 F.2d 536, 538 (5th Cir.1991). Rule 8015 is silent as to the standard for granting a rehearing, but granting a motion for reconsideration is within the discretion of the court whose order is subject to the motion. *Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.,* 841 F.Supp. 51, 55 (N.D.N.Y.1993); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983). This Court, in its discretion, will reconsider its previous order to determine if there is an intervening change in the controlling law or it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Hester Industries, Inc. v. Tyson Foods, Inc.,* 160 F.R.D. 15, 16 (N.D.N.Y.1995), citing *Larsen v. Ortega,* 816 F.Supp. 97, 114 (D.Conn.1992), *aff'd,* 990 F.2d 623 (2d Cir.1993); *Nossek v. Board of Educ. of Duanesburg Central School Dist.,* 1994 WL 688298 (N.D.N.Y. 1994). The Court cautions at the outset that, although "clear error" and "preventing injustice" are valid grounds for reconsideration, a party seeking reconsideration must not use this vehicle as a means to re-litigate issues previously decided by the Court. Motions to reconsider should be granted where: (1) "the Court has patently misunderstood a party," (2) the court "has made a decision outside the adversarial issues presented ... by the parties," (3) the court has "made an error not of reasoning but of apprehension," or (4) there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983).

■ Because First National does not advert to any points of law or fact overlooked or misapprehended in Court's earlier order, its motion must be denied. "A petition for rehearing was not designed to be a 'crutch for dilatory counsel, nor, in the absence of a demonstrable mistake, to permit reargument of the same matters.'" *United States v. Vasquez,* 985 F.2d 491, 497 (10th Cir.1993) (quoting *United States v. Doe,* 455 F.2d 753, 762 (1st Cir.),˙ *vacated on other grounds sub nom., Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972)). Upon review of the record it is apparent that First National has not raised any " 'points of law or fact which ... the court has overlooked or misapprehended.' " *Olson v. United States,* 162 B.R. 831, 834 (D.Neb.1993). Nor has it met its burden to show that the Court has clearly erred or that reconsideration is necessary to prevent manifest injustice.

**IT IS THEREFORE ORDERED** that *Appellee's Motion To Alter Or Amend Judg-*

*ment* (Doc. # 9) filed September 12, 1996, be and hereby is overruled.