In re Dennis E. CARLSON, Debtor.

William A. Brandt, Jr.,
Trustee, Plaintiff,

v.

Loraine Carlson, Defendant.

Bankruptcy No. 96–B–09606.

Adversary No. 97–A–01153.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 3, 2000.

Loraine Carlson, Pro Se.

Steven S. Potts, for Defendant.

Dennis E. Carlson, Pro Se.

William Hourigan, William A. Brandt, Trustee.

## MEMORANDUM OPINION

JACK B. SCHMETTERER,
Bankruptcy Judge.

This matter is before the court on motion of Loraine Carlson ("Ms. Carlson") to adopt as her designation of record on appeal the designation of items that were filed in the appeal of *Brandt v. Dennis Carlson* from judgment entered in Adversary Case No. 97–A–00967.

### BACKGROUND

On March 26, 1999, the undersigned judge by three separate final judgment orders supported by one combined opinion disposed of three adversary proceedings following consolidated trial of those cases, *Brandt v. Hourigan* (97–A–00850), *Brandt v. Dennis Carlson* (97–A–00967) and *Brandt v. Loraine Carlson* (97–A–01153). In *Brandt v. Loraine Carlson,* judgment was entered against Ms. Carlson on two Counts and in her favor on one Count. On April 5, 1999, Ms. Carlson sought to alter or amend the judgment against her. On April 13, 1999, her motion was denied for reasons then stated from the bench. On April 23, 1999, Ms. Carlson filed a notice of appeal from both the March 26, 1999 judgment and the April 13, 1999 order. While Ms. Carlson was represented by counsel in the proceedings before the bankruptcy court, she is no longer represented by counsel and seeks to appeal pro se.

Ms. Carlson's appeal was not perfected in April of 1999 because she failed to comply with Federal Rule of Bankruptcy Procedure 8006 which requires an appellant to file a designation of the record within ten days after filing the notice of appeal. On January 24, 2000, nine months after her designation should have been filed, Ms. Carlson filed her pending motion to adopt the designation of items filed by her former husband in the appeal of *Brandt v. Dennis Carlson.*

For reasons stated below Ms. Carlson's motion will be granted.

### DISCUSSION

A notice of appeal must be filed with the Clerk of the United States Bankruptcy Court within ten days of entry of the judgment. Fed. R. Bankr.P. 8002(a). The appeal period is automatically extended if any party makes a timely motion to alter or amend the judgment. Fed. R. Bankr.P. 8002(b). If such a motion to alter or amend is filed, the time for appeal runs from the entry of the order disposing of the last such motion. Fed. R. Bankr.P. 8002(b).

Here the judgment was entered against Ms. Carlson on March 26, 1999, and on April 5, 1999, she timely sought to alter or amend the judgment. That motion was denied on April 13, 1999. Therefore, the ten day period for filing her notice of appeal began to run from entry of that order and had not expired on April 23, 1999 when the notice of appeal was ultimately filed by Ms. Carlson.

While Ms. Carlson complied with Bankruptcy Rule 8002 regarding filing a timely notice of appeal, she did not comply with Bankruptcy Rule 8006 which requires an appellant to designate an appeal record within ten days of filing notice of appeal. Ms. Carlson now seeks to perfect her appeal.

The first question, however, is whether this court has jurisdiction to consider her motion.

■ The bankruptcy judge loses jurisdiction over the subject matter of an appeal once the appeal notice has been filed. *In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir.1995). That judge does retain, however, some limited authority to act in aid of the appeal process. *John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.)*, 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983). Questions concerning what items should be included in the designation of record can be resolved in aid of the appeals process. *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr.D.Conn.1989) (Bankruptcy judge had jurisdiction to determine whether a disputed item in a designation of appeal record played any part in his deliberations). Bankruptcy judges have also found that they have authority to grant or deny a motion for extension of time to file a designation of appeal record. See, e.g., *United States v. Dowell (In re Dowell)*, 95 B.R. 693 (Bankr.W.D.Mo.1989).

Although the Bankruptcy Code does not state whether the bankruptcy judge is the proper judicial officer to hear a motion of this type, it does appear jurisdiction to consider Ms. Carlson's motion still rests here, and that her motion should be allowed.

Rule 8001 deals with the manner of taking an appeal. Rule 8007 deals with transmittal of the record and docketing of the appeal with the district court.

■ Rule 8001 provides in relevant part:

An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

It is thus clear that the district court has authority to impose sanctions including dismissal for failure to comply with the rules governing the perfection of an appeal. See *In re Scheri*, 51 F.3d 71 (7th Cir.1995); *In re Hubka*, 82 B.R. 537, 538 (Bankr.D.Neb.1988); *In re Clark*, 82 B.R. 906, 907 (Bankr.S.D.Ohio 1988).

■ While up to the district court to determine what type of sanction if any is to be imposed on an appellant for failure to designate timely a record for appeal, a district court judge does not have an opportunity to consider any matter concerning an appeal until the record is designated[1]. That is so because, pursuant to Rule 8007, an appeal from a bankruptcy court judgment is not even docketed with the district court until a designation of the record is filed. Fed. R. Bankr.P. 8007. Only after the record is complete is it transmitted to the district court and entered into the district court docket. Fed. R. Bankr.P. 8007.

■ If the bankruptcy court did not have jurisdiction to hear the motion to designate, the situation would present the ultimate "Catch 22" for the appellant: the case would not be docketed in the district court because a designation of the record had not been filed; and the designation of the record could not be filed because the bankruptcy court would not have jurisdiction to hear the motion to designate the record. Such logic would prevent the appeal from ever reaching the district court's docket, keeping the appeal forever in the legal limbo in which it now sits.

## CONCLUSION

Considering Rules 8001 and 8007, this judge has jurisdiction and should grant Ms. Carlson's motion to adopt the designa-

---

1. Rule 8007(b) Duty of clerk to transmit copy of record; docketing of appeal. When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court.... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order or decree appealed from of the date on which the appeal was docketed.

tion of the record, although it is untimely, in order to allow the appeal to be docketed with the district court. It will then be up to the district judge to decide how to proceed once the designation of record is actually filed and the appeal docketed before that judge.

For the foregoing reasons, Ms. Carlson's motion to adopt the designation in *Brandt v. Dennis Carlson* as her designation of the record will be granted.